IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00178-BNB

THOMAS MONROE McNEELY,

Applicant,

v.

KEVIN MILYARD, Warden S.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB -5 2009

GREGORY C. LANGHAM
                    CLERK

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Thomas Monroe McNeely, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. McNeely has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Mesa County District Court case number 98-CR-765. The court must construe the application liberally because Mr. McNeely is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. McNeely will be ordered to file an amended application.

The court has reviewed the habeas corpus application and finds that it is confusing and difficult to understand because Mr. McNeely fails to provide a clear and concise statement of each claim for relief he is raising in this action. Part of the

difficulty stems from the fact that Mr. McNeely frames his claims as errors by the state appellate court that reviewed his conviction rather than as claims of constitutional errors by the court in which he was convicted. Furthermore, Mr. McNeely fails to provide specific facts in support of the claims he is raising in this action. For example, Mr. McNeely contends in his first claim that he was denied a fair trial by the admission of prejudicial evidence but he fails to specify what evidence was prejudicial and specifically how he was prejudiced. Mr. McNeely also states that he was denied equal protection in connection with his first claim but he alleges no facts in support of an equal protection claim.

Mr. McNeely's other three claims also are confusing because it is not clear how those claims relate to the conviction under attack in this action. It appears that Mr. McNeely may be challenging prior convictions in his second and fourth claims for relief and his third claim relates only to the denial of a postconviction motion and not to any particular conviction or sentence.

For these reasons, Mr. McNeely will be ordered to file an amended application that clarifies the claims he is asserting. Mr. McNeely is reminded that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, he must go beyond notice pleading. **See Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. McNeely file **within thirty (30) days from the date of this**

**order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. McNeely, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. McNeely fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED February 5, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00178-BNB

Thomas McNeely
Prisoner No. 57220
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 2/5/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk