IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00178-BNB

THOMAS MONROE McNEELY,
      Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
      Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 20 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Thomas Monroe McNeely is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. McNeely initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 19, 2009, he filed an amended application. Mr. McNeely is challenging the validity of his conviction and sentence in Mesa County District Court case number 98CR765.

On February 24, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On April 6, 2009, Respondents filed their Pre-Answer Response. On May 6, 2009, Mr. McNeely filed a reply to the Pre-Answer Response.

The Court must construe the amended application and other papers filed by Mr. McNeely liberally because he is not represented by an attorney. *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. McNeely was convicted by a jury in 98CR765 of first degree burglary, two counts of third degree assault, criminal mischief, and violating a restraining order. The trial court also found Mr. McNeely guilty of four habitual criminal counts and he was sentenced to forty-eight years in prison. The judgment of conviction was affirmed by the Colorado Court of Appeals. On September 17, 2001, the Colorado Supreme Court denied Mr. McNeely's petition for writ of certiorari on direct appeal.

In February 2001, before his direct appeal concluded, Mr. McNeely filed the first of four postconviction motions in the trial court challenging the validity of his conviction and sentence. On October 15, 2001, the trial court denied the February 2001 postconviction motion. On January 22, 2002, Mr. McNeely filed his second state court postconviction motion, which was denied by the trial court on January 30, 2002. On July 22, 2004, the Colorado Court of Appeals affirmed the trial court's orders denying Mr. McNeely's first and second postconviction motions. On January 31, 2005, the Colorado Supreme Court denied Mr. McNeely's petition for writ of certiorari.

On August 19, 2005, Mr. McNeely filed his third state court postconviction motion, which was denied by the trial court on August 31, 2005. On September 20, 2007, the Colorado Court of Appeals affirmed the denial of Mr. McNeely's third postconviction motion because the motion was untimely.

2

On January 30, 2008, Mr. McNeely filed his fourth state court postconviction motion. The proceedings relevant to the fourth postconviction motion were pending in state court until the Colorado Supreme Court denied Mr. McNeely's petition for writ of certiorari on January 5, 2009. The instant action was filed on January 29, 2009.

Mr. McNeely asserts four claims in the amended application. Three of Mr. McNeely's claims, the first, second, and fourth claims for relief, challenge the validity of his conviction and sentence. Mr. McNeely specifically claims that the trial court erred in not allowing him to introduce evidence that he was not convicted of the charges underlying the restraining order (claim one); that the state courts erred in denying him the benefit of amendatory legislation passed in 1999 (claim two); and that the trial court erred in refusing to apply the proper standard to the "grave and serious" nature of the prior felonies used to enhance his sentence (claim four).

In his third claim for relief, Mr. McNeely alleges that the state courts erred in dismissing his 2007 postconviction motion as untimely. The record before the Court does not indicate that Mr. McNeely filed a state court postconviction motion in 2007. Instead, it appears that Mr. McNeely's third claim relates to the September 2007 decision of the Colorado Court of Appeals affirming the dismissal of his August 2005 postconviction motion as untimely.

In any event, it is clear that Mr. McNeely's third claim relates only to state court postconviction proceedings and not to the validity of his conviction or sentence. As a result, the third claim must be dismissed because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's

post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Therefore, Mr. McNeely's third claim in the amended application will be dismissed for failure to raise a cognizable federal constitutional issue.

Respondents first argue in their Pre-Answer Response that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d), which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been

4

> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In applying the one-year limitation period, the Court first must determine the date on which Mr. McNeely's conviction became final. In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. McNeely had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on September 17, 2001, but he did not do so. Therefore, the Court finds that Mr. McNeely's conviction became final on December 17, 2001, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.[1]

Mr. McNeely does not assert that his conviction became final on some date other than December 17, 2001. However, he does make a brief argument in his reply to the Pre-Answer Response that is relevant to the Court's determination of when the one-year limitation period began to run. He contends in this argument that this action

---

[1] The ninetieth day after September 17, 2001, was December 16, 2001. However, December 16, 2001, was a Sunday. Therefore, the filing period extended until the next day, December 17, 2001. *See* Sup. Ct. R. 30.1.

should not be dismissed as untimely because any delay in filing this action was caused by the ineffective assistance of the attorneys who represented him in state court. Mr. McNeely further contends that, because his attorneys were appointed and paid by the state, their ineffective assistance can not be used against him. It appears that the ineffective assistance to which Mr. McNeely is referring is the way in which his attorneys presented his claims in the state courts because they allegedly did not raise all of his claims as federal constitutional claims.

Mr. McNeely cites 28 U.S.C. § 2244(d)(1)(D) in support of this argument, but that section relates to the discovery date of a claim's factual predicate and is not applicable to Mr. McNeely's allegation that his attorneys failed to present his claims in state court as federal constitutional claims. Because Mr. McNeely's argument is premised on the fact that his attorneys were paid by the state, the argument possibly could be asserted pursuant to § 2244(d)(1)(B), which provides that the one-year limitation period will not begin until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." However, Mr. McNeely's allegation that his attorneys provided ineffective assistance by failing to raise his claims as federal constitutional claims does not demonstrate that he somehow was prevented from filing a timely federal habeas corpus action. Furthermore, defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding are not deemed to act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); **Hunt v. Bennett**, 17 F.3d 1263, 1268 (10th Cir. 1994). Therefore, even if his attorneys somehow

6

prevented him from filing a timely habeas corpus application in this Court, the actions of Mr. McNeely's attorneys do not constitute a state-created impediment as required pursuant to § 2244(d)(1)(B). As a result, the Court finds that Mr. McNeely fails to allege facts that would establish a later date for the commencement of the one-year limitation period pursuant to § 2244(d)(1)(B).

Mr. McNeely also is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Although Mr. McNeely cites a 2006 state court case as legal support for his fourth claim, he knew or could have discovered the **factual** predicate for that claim, as well as the factual predicates for his first and second claims, at the time his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(D). Therefore, the Court finds that the one-year limitation period began to run on December 17, 2001, when Mr. McNeely's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A).

The next question the Court must answer is whether any of Mr. McNeely' state court postconviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have

7

> been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

**Habteselassie v. Novak**, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. See **Gibson v. Klinger**, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." **Barnett v. Lemaster**, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." **Gibson**, 232 F.3d at 804.

Respondents contend that Mr. McNeely's first state court postconviction motion did not toll the one-year limitation period because that motion was denied before Mr. McNeely's direct appeal was final. Although Respondents concede that the one-year limitation period was tolled while Mr. McNeely's second state court postconviction motion was pending, Respondents argue that a gap of thirty-six days between the first and second state court postconviction motions counts against the one-year limitation period. The Court disagrees because the July 22, 2004, order of the Colorado Court of Appeals affirmed the denial of both of Mr. McNeely's first two postconviction motions. Therefore, the Court finds that the one-year limitation period was tolled pursuant to § 2244(d)(2) from December 17, 2001, when the one-year limitation period began to run, through January 31, 2005, when the Colorado Supreme Court denied Mr.

McNeely's petition for writ of certiorari in the proceedings relevant to his first two postconviction motions.

Respondents contend that Mr. McNeely's third postconviction motion, which the Colorado Court of Appeals determined was untimely under state law, was not properly filed and did not toll the one-year limitation period. The Court agrees. *See **Habteselassie**,* 209 F.3d at 1210-11 (stating that a "properly filed" postconviction application is one filed in accordance with state filing requirements, including the time for filing). Therefore, the Court finds that the one-year limitation period expired on January 31, 2006. Although Mr. McNeely's fourth state court postconviction motion filed in January 2008 apparently was not dismissed as untimely, that motion did not toll the one-year limitation period because the one-year limitation period already had expired. *See **Clark v. Oklahoma**,* 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Based on these calculations, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See **Miller v. Marr**,* 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See **Gibson**,* 232

F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. McNeely fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. McNeely fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss this action as time-barred, the Court need not consider Respondents' alternative argument that Mr. McNeely failed to exhaust state remedies and that his claims are procedurally barred. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 20 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00178-BNB

Thomas McNeely
Prisoner No. 57220
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

   I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/20/09

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk